```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
```

FILED

2008 JUN -2 PM 4:51

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

UNITED STATES OF AMERICA,

v.

ANTHONY E. SLOAN,

        Defendant.

08-CR-

**08 CR 144**

## PLEA AGREEMENT

The defendant, ANTHONY E. SLOAN, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.  THE PLEA AND POSSIBLE SENTENCE

1.  The defendant agrees to waive indictment and to plead guilty to Counts I and II of an Information charging two violations of Title 18, United States Code, Section 2422(b) [enticement of a minor to engage in sexual activity], which carries a mandatory minimum sentence of a term of 10 years in prison and a maximum possible sentence of a term of imprisonment of life, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of up to life.  The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

3. The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3)

business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

## II. ELEMENTS AND FACTUAL BASIS

4.  The defendant understands the nature of the offenses set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

**COUNT I (Title 18, United States Code, Section 2422(b))**

    a.    that the defendant knowingly used the internet, a facility in interstate and foreign commerce, to persuade, induce or entice Justin P., an individual under the age of eighteen (18) to engage in sexual activity;

    b.    that the defendant believed that Justin P. was less than eighteen (18) years of age;

    c.    that the defendant could have been charged with a criminal offense under the laws of the State of New York based on the sexual activity engaged in between Justin P. and the defendant; and

    d.    that the defendant acted knowingly and willfully.

**COUNT II (Title 18, United States Code, Section 2422(b))**

a. that the defendant knowingly used the internet, a facility in interstate and foreign commerce, to attempt to persuade, induce or entice an individual under the age of eighteen (18) to engage in sexual activity;

b. that the defendant believed that such individual was less than eighteen (18) years of age;

c. that if the sexual activity had occurred, the defendant could have been charged with a criminal offense under the laws of the State of New York; and

d. that the defendant acted knowingly and willfully.

**FACTUAL BASIS**

5. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

**COUNT I**

a. On or about June 6, 2007, Youth Officer Richard Schauf with the Batavia City Police Department, took the statement of Justin P., a fifteen (15) year old male from Batavia, New York. In the statement, Justin P. described how he had met several men for sexual encounters in the Batavia, New York area. In one of the encounters, Justin P. described how he met an individual on the website silverdaddies.com, who had an internet screen name of TOUCH4LYFE. Through communications over the internet, the individual using the screen name TOUCH4LYFE told Justin P. that his

      name was Cameron, and Justin P. told Cameron that he was fifteen (15) years old. Additionally, while chatting online, Justin P. and Cameron arranged to meet to engage in sexual activity.

b.    In or about March or April of 2007, Justin P. stated that he met Cameron for sex. Justin P. specifically described the sexual acts he performed with Cameron, stating "we both did oral sex on each other ... Cameron rimmed me (licked my ass) and tried to insert his penis but it hurt and I told him to stop and he did."

c.    On or about December 21, 2007, Justin P. identified the defendant, ANTHONY SLOAN, as the individual he knew as Cameron from a photo array presented to him by Detective Todd Crossett of the Batavia City Police Department.

## COUNT II

a.    On or about December 19, 2007, Detective Todd Crossett of the Batavia City Police Department, while acting in an undercover capacity on the internet as a fourteen (14) year old male, connected to the internet using America Online Instant Messenger (AIM) and communicated with an individual with the screen name SHAY4419. During the ensuing conversation it was established that Detective Crossett's persona was a fourteen (14) year old male from Batavia, New York, and that SHAY4419 was an adult male from Churchville, New York. Throughout the conversation, Detective Crossett's persona and SHAY4419 engaged in sexually explicit conversation. SHAY4419 advised that he wanted to meet Detective Crossett's persona for sex and that he would pick him up at a drug store in Batavia, New York. The meeting day was eventually set as Friday, December 21, 2007.

b.    On December 20, 2007, Detective Crossett, while online and acting undercover as a 14

    year old male, received an instant message from an individual with the screen name of DAD4SONNEWYORK. During the conversation, DAD4SONNEWYORK stated that "iam 48" and acknowledged that he was speaking with a fourteen (14) year old male. DAD4SONNEWYORK went on to ask Detective Crossett's online persona if he "ever dreamed of having too daddies at once" and if he "got plans tomorrow." After hearing that Detective Crossett's online persona had plans to meet SHAY4419 on December 21, 2007, DAD4SONNEWYORK told him he would like to participate in a threesome. DAD4SONNEWYORK asked Detective Crossett's online persona several questions about his sexual experiences, including "you like your ass licked? i love to do that." Towards the end of the conversation, DAD4SONNEWYORK told him that he was "jealous for the guy you are meeting tomorrow" and that he hoped "you guys have fun." Later that day, Detective Crossett's online persona received an instant message from SHAY4419 indicating that he had spoken with DAD4SONNEWYORK and that they would both meet him on December 21, 2007 at a Rite-Aid drug store in Batavia, New York.

c. On or about December 21, 2007, at approximately 3:00 p.m., the defendant, ANTHONY SLOAN arrived at the Rite-Aid drug store and was taken into custody by officers with the Batavia City Police Department.

d. Following his arrest, the defendant provided a written statement to Detective Crossett in which he admitted to using the screen name DAD4SONNEWYORK. The defendant admitted to conversing with Detective Crossett's online persona and that he understood that this persona was fourteen (14) years of age. The defendant also stated how he had traveled to the drug store in Batavia, New York to have sex with Detective Crossett's online persona along with the individual of the screen name SHAY4419.

### III.  SENTENCING GUIDELINES

6.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

7.  The government and the defendant agree that Guidelines § 2G1.3(a)(3) applies to the offenses of conviction and provides for a base offense level of 28.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

8.  The government and the defendant agree that the following specific offense characteristics do apply to Count I:

   a. the 2 level increase pursuant to Guidelines § 2G1.3(b)(3)(A) [use of a computer to persuade, induce or entice a minor to engage in prohibited sexual conduct];

   b. the 2 level increase pursuant to Guidelines § 2G1.3(b)(4)(A) [offense involved commission of a sex act].

9.  The government maintains that the following specific offense characteristic does apply to Count I:

   a. the 2 level increase pursuant to Guidelines § 2G1.3(b)(2)(B) [undue influence].

The defendant specifically reserves the right at the time of sentencing to argue to the Court that this increase does not apply.

10. The government and the defendant agree that the following specific offense characteristic does apply to Count II:

> a. the 2 level increase pursuant to Guidelines § 2G1.3(b)(3)(A) [use of a computer to persuade, induce or entice a minor to engage in prohibited sexual conduct].

### ADJUSTED OFFENSE LEVEL

11. Based on the foregoing, in the event that the government is correct in maintaining that the two level increase pursuant to Guidelines § 2G1.3(b)(2)(B) applies, it is the understanding of the government and the defendant that the adjusted offense level for Count I would be 34.

12. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for Count II is 30.

### COMBINED ADJUSTED OFFENSE LEVEL

13. Based upon the forgoing, and Guidelines §§ 2G1.3(d)(1), 3D1.2, and 3D1.4, it is the understanding of the government and the

defendant that, in the event that the Court determines that the two-level upward adjustment pursuant to Guidelines § 2G1.3(b)(2)(B) applies, the defendant's combined adjusted offense level would be 36.

## ACCEPTANCE OF RESPONSIBILITY

14. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would, in the event that the Court determines that the two-level upward adjustment pursuant to Guidelines § 2G1.3(b)(2)(B) applies, result in a total offense level of 33.

## CRIMINAL HISTORY CATEGORY

15. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw

the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

16. It is the understanding of the government and the defendant that, with a total offense level of 33 and criminal history category of I, and taking into account the applicable statutory minimum penalties, the defendant's sentencing range would be a term of imprisonment of 135 to 168 months, a fine of $17,500 to $175,000, and a period of supervised release of up to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement.

17. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall

also relieve the government from any agreements to dismiss or not pursue additional charges.

18. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement) and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

19. In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the persuasion or enticement of any minor which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

### V. GOVERNMENT RIGHTS AND RESERVATIONS

20. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence; and

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

21. At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 08-M-1022.

22. The defendant agrees that any financial records and information provided by the defendant to the Probation Office,

before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI. APPEAL RIGHTS

23. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ **16**, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves its right to argue the correctness of the defendant's sentence.

24. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

25. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ **16**, above, notwithstanding the manner in which the Court determines the sentence. The government further waives its right to appeal the determination by the Court as to the applicability of Guidelines § 2G1.3(b)(2)(B), and if said section is found by the Court to be inapplicable, the government waives its right to appeal a sentence of imprisonment which falls within or is greater than 120 to 135 months. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII. COMPUTER FORFEITURE

26. The defendant specifically acknowledges that in furtherance of the defendant's criminal conduct the defendant utilized a generic mid-tower desktop computer, black in color, containing a Maxtor 160 GB hard drive with a serial #9LS18EPY, which was seized by law enforcement officials based upon the defendant's consent to search. Since the computer and related media were instrumentalities of the crime, the defendant specifically agrees to the forfeiture or abandonment of the

computer and all of the components and related media to the United States, and the defendant waives any rights or interest in those items which the defendant may still possess or for which the defendant may have any claim. The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, destroy any or all of the property referred to in this paragraph. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rule 32.2 of the Federal Rules of Criminal Procedure with respect to the forfeiture of the above property and any other applicable federal law, with respect to the forfeiture or abandonment of this property.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

27. This plea agreement represents the total agreement between the defendant, **ANTHONY E. SLOAN**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TERRANCE P. FLYNN
United States Attorney
Western District of New York

BY: *(signature)*
AARON J. MANGO
Assistant U.S. Attorney

Dated: June 2, 2008

I have read this agreement, which consists of 17 pages. I have had a full opportunity to discuss this agreement with my attorney, Kimberly Schechter, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

*/s/ Anthony E. Sloan*
ANTHONY E. SLOAN
Defendant

*/s/ Kimberly Schechter*
KIMBERLY SCHECHTER, ESQ.
Attorney for the Defendant

Dated: June 2, 2008

Dated: June 2, 2008