IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

   -v-                                                                                08-CR-144

ANTHONY E. SLOAN,

                    Defendant.

---

**GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION
FOR EARLY TERMINATION OF SUPERVISED RELEASE**

**THE UNITED STATES OF AMERICA**, by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, and the undersigned Assistant United States Attorney, respectfully files this response in opposition to the defendant's motion for a reduction in his term of supervised release (Dkt. #32) ("Motion").

**BACKGROUND**

On June 2, 2008, the defendant appeared before this Court and pled guilty to a two count Information which charged violations of Title 18, United States Code, Section 2422(b). *See* Dkt. #16. On September 24, 2008, the Court sentenced the defendant to a term of imprisonment of 120 months and ordered the defendant to serve a lifetime term of supervised release. *See* Dkt. #28. On August 22, 2023, the defendant filed the instant Motion, seeking a reduction of his term of supervised release to 15 years. This memorandum is submitted in opposition to the defendant's motion for a reduction of his term of supervised release.

# DISCUSSION

Pursuant to Title 18, United States Code, Section 3583(e)(1), and "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," the district court may do only the following:

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;
>
> (2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision;
>
> (3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case; or
>
> (4) order the defendant to remain at his place of residence during nonworking hours and, if the court so directs, to have compliance monitored by telephone or electronic signaling devices, except that an order under this paragraph may be imposed only as an alternative to incarceration.

18 U.S.C. § 3583(e). Absent from this statute is the relief the defendant seeks in his Motion, specifically, to reduce is term of supervised release from life to 15 years. As the defendant's Motion makes clear, he is not at this moment requesting termination of supervised release,

therefore, subsection (1) is not applicable. The defendant is not requesting to modify or reduce a condition of his supervised release, therefore, subsection (2) is not applicable. The defendant is also not requesting to be resentenced to imprisonment or be ordered to remain at his residence, which makes subsections (3) and (4) inapplicable.

From the limited cases the government has located regarding a defendant's motion to prospectively reduce a term of supervised release, it appears that the only authority for a district court to take such action would be through a motion under the First Step Act, not a motion predicated on § 3583(e). In *United States v. Page*, No. 3:08-CR-168, 2020 WL 1698671, at *4-7 (D. Conn. Apr. 8, 2020), the court concluded that §3583(e) provided no grounds for a defendant to prospectively reduce the length of his term of supervised release, but that the First Step Act did allow for such motion. The defendant has not filed a motion pursuant to the First Step Act, and as such, the current Motion should be denied as premature.

However, in the event the Court determines that §3583(e) allows for the relief the defendant requests, the government is strongly opposed. Within the Second Circuit, early termination of supervised release may be granted "[o]ccasionally" when there are "new or unforseen circumstances." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). Unforseen circumstances may arise when the defendant exhibits "exceptionally good behavior" that would "render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals." *Id.* However, compliance with the terms of a defendant's supervision, by itself, does not entitle a defendant to early termination. *United States v. Andujar-Ortiz*, 505 F.Supp.3d 192 (W.D.N.Y. 2020) (early

3

termination was not warranted where, despite the positive steps that the defendant took in his life, after weighing the applicable section 3553(a) factors and interest of injustice given the defendant's extremely serious underlying crimes and blemished record while incarcerated and on supervision); *United States v. Jimenez*, No. 99 CR. 1110–02, 2012 WL 3854785, at *1 (S.D.N.Y. Sept. 5, 2012); *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998). Even where a defendant complies with the law and makes progress, early termination of supervised release may not be warranted. *See United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (early termination was not warranted where the defendant "resumed his pre-incarceration life; apparently, has resumed his organizational endeavors; and has been restored to his family life" because "[a]ll of these activities are commendable but are expected of a person on supervised release and do not constitute the 'exceptional behavior' contemplated in the precedents"); *United States v. Longerbeam*, 199 F. Supp. 3d 1, 3 (D.D.C. 2016) ("while the Court commends defendant for his law-abiding conduct and personal successes, such activities are expected of a person on supervised release and do not amount to 'exceptionally good behavior' or 'something of an unusual or extraordinary nature in addition to full compliance'").

In making his Motion, the defendant does not address any of the factors set forth in section 3553(a), and instead, simply notes that the defendant has progressed while on supervised release. Importantly, the Motion by the defendant neglects to mention that while the defendant was on supervised release, he was found in possession of an undisclosed internet-accessible cell phone, which the defendant used to have sexually explicit communications with other males, and that he used the phone to communicate with an

individual he knew was a high school senior. *See* Dkt. #29. As a result of the defendant's noncompliance conduct, he was ordered to be placed at the Buffalo Halfway House for four months. Moreover, a factor that must be considered by this Court before terminating supervised release is the nature and circumstances of the offense of conviction. A review of the Presentence Report in this matter reveals that the defendant had hands-on sexual contact with two minor individuals and was ultimately arrested when the defendant traveled to meet and have sex with an individual, he believed was a minor, but ultimately was an undercover law enforcement officer. As such, based on the defendant's hands-on sexual contact with minor males, the government is opposed to any reduction in the defendant's term of supervised release.

## **CONCLUSION**

For the foregoing reasons, the defendant's Motion should be denied, and the term of supervised release should remain as originally sentenced.

DATED: Buffalo, New York, September 11, 2023

                                            Respectfully submitted,

                                            TRINI E. ROSS
                                            United States Attorney

                                            ***S/ AARON J. MANGO***
BY:      _____
                                            AARON J. MANGO
                                            Assistant U.S. Attorney
                                            United States Attorney's Office
                                            Western District of New York
                                            138 Delaware Avenue
                                            Buffalo, New York 14202
                                            (716) 843-5882
                                            aaron.mango@usdoj.gov